**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore, | No. CV 06-1322-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Southwest Credit Systems, L.P. , et al., | |
| Defendants. | |

Pending before the Court is a Motion for Extension of Time Pursuant to Fed.R.Civ.P. 56(f) filed by Southwest Credit Systems, L.P. and John Doe, aka Tom Parks ("Defendants") and Plaintiff's Motion to Deny Defendants' Request for Extension of Time. (Dkts. 11, 14.) Defendants request an extension of the time to respond to Plaintiff's motion for partial summary judgment on the grounds that "no F.R.C.P. 26f meeting has occurred between the parties, no disclosures have been made, and no discovery has been completed by either party." (Dkt. 11 at 1.) For the reasons set forth below, the Court will grant Defendants' Motion.

Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence. United States v. Kitsap Physicians Serv., 314 F.3d 995, 1000 (9th Cir. 2002).

In the present case, Plaintiff commenced this case on May 18, 2006. (Dkt. 1.) One week after Defendants filed an answer to Plaintiff's complaint, Plaintiff filed a Motion for Partial Summary Judgment on the issue of liability alone. (Dkt. 8.) Rule 56(a) permits a party asserting a claim to move for summary judgment any time after the expiration of 20 days from

1 the commencement of the action. Plaintiff's early filing of her partial summary judgment
2 motion was therefore permissible. Where, however, a summary judgment motion is filed so
3 early in the litigation, before a party has had any realistic opportunity to pursue discovery
4 relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely.
5 See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 846 (9th Cir. 2001) ("Although Rule 56(f)
6 facially gives judges the discretion to disallow discovery when the non-moving party cannot yet
7 submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring,
8 rather than merely permitting, discovery 'where the non-moving party has not had the
9 opportunity to discover information that is essential to its opposition.'") (citing Anderson v.
10 Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986)); see also Berkeley v. Home Ins. Co., 68
11 F.3d 1409, 1414 (D.C.Cir. 1995) (describing "the usual generous approach toward granting
12 Rule 56(f) motions"); Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n. 4
13 (5th Cir. 1992) (Rule 56(f)-based "continuance of a motion for summary judgment for purposes
14 of discovery should be granted almost as a matter of course unless the non-moving party has
15 not diligently pursued discovery of the evidence" (internal quotation marks and citation
16 omitted)); Sames v. Gable, 732 F.2d 49, 52 (3d Cir.1984) (same).

17 In the present case, based on a review of Plaintiff's motion for partial summary
18 judgment, the Court finds that Defendants have not yet had the opportunity to discover
19 information that is essential to its opposition. Given that both parties have not yet been able to
20 conduct discovery or exchange initial disclosures, the Court finds that Defendants' request for
21 an extension of time should be granted. See Anderson, 477 U.S. at 250 n. 5 (discovery should
22 be required "where the non-moving party has not had the opportunity to discover information
23 that is essential to its opposition"); Burlington Northern Santa Fe R.R. Co. v. Assiniboine &
24 Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774 (9th Cir. 2003).

25 Accordingly,

26 **IT IS HEREBY ORDERED GRANTING** Defendants' Motion for Extension of Time
27 Pursuant to F.R.C.P. Rule 56(f). (Dkt. 11.)

28

1 **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to Deny Defendants' Request for Extension of Time. (Dkt. 14.)

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's Motion for Partial Summary Judgment no later than December 1, 2006.

DATED this 16th day of August, 2006.

_____
Stephen M. McNamee
United States District Judge