**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Grismore,                          ) | No. CV 06-1322-PHX-SMM |
| )  |  |
| Plaintiff,        ) | **ORDER** |
| )  |  |
| v.                     ) |  |
| )  |  |
| Southwest Credit Systems, L.P. , et al., ) |  |
| )  |  |
| Defendants.     ) |  |
| _____) |  |

     Pending before the Court is a Motion for Sanctions (the "Motion") under Fed.R.Civ.P. 11 filed by Plaintiff Kathy Grismore ("Plaintiff") against Defendants' counsel. (Dkt. 10.) For the reasons set forth below, the Court will deny Plaintiff's Motion.

     On the basis of a telephone conversation Plaintiff claims to have had with defendant Tom Parks on May 15, 2006, three days before she filed the instant lawsuit, Plaintiff requests Rule 11 sanctions on the grounds that counsel "fabricated" its Answer to her Complaint. (Dkt. 10 at 5.) Counsel for Defendants responds that, "[t]o the best of [her] knowledge, nothing false was included in [Defendants'] Answer" to the Complaint. (Dkt. 12 at 2.)

     In pertinent part, Federal Rule of Civil Procedure 11 provides that the signature of an attorney on a pleading constitutes a certificate that, *inter alia*, the signer has read the pleading and that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry the defenses and allegations set forth therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law, or are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b)(2)-(3).  If a pleading is signed in violation of Rule 11, the Court may, subject to certain conditions, impose an appropriate sanction upon the attorney responsible.  Id. 11(c).

In the present case, Plaintiff appears to claim that three affirmative defenses alleged in Defendants' Answer conflict with information she obtained from Mr. Parks, and therefore such defenses are "false."  (Dkt. 10 at 3-4.)  The Court finds this argument to be wholly untenable.

Defendants' affirmative defense of "bona fide error" due to a computer system change has not been shown by Plaintiff to be completely inconsistent with Mr. Parks' response that Defendant is not obligated to validate a non-specific dispute.  Although the allegation that Plaintiff's account was recalled by T-mobile on January 4, 2006, and at that time the trade line was deleted, may be inconsistent with the explanation provided by Mr. Parks, Plaintiff has failed to demonstrate that the allegation, rather than Mr. Parks' response, is not "likely to have evidentiary support after a reasonable opportunity for further investigation and discovery." Fed.R.Civ.P. 11(b)(3).  Finally, the allegation that Plaintiff's suit was "brought solely for the purpose of harassment" is reasonably based on Plaintiff's admission that on March 17, 2006, Defendant told her that the account at issue had been returned to the original creditor, T-mobile. See dkt. 8 at 5, ¶10.

At most, Plaintiff has shown only that one of the seven defenses alleged in Defendants' Answer *may* not apply to this case.  Even if one defense turns out to be inapplicable, however, sanctions are inappropriate because the Answer as a whole is otherwise sound.  See Fed.R.Civ.P. 8(c) (in its answer a party "shall set forth affirmatively" "any other matter constituting an avoidance or affirmative defense").

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Sanctions Against Defendants. (Dkt. 10.)

DATED this 17th day of November, 2006.

_____
Stephen M. McNamee
United States District Judge